UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> OHIO PROPERTIES, LLC, an Indiana Limited Liability Company, <br><br> Defendant. | CASE NO.: 1:21-cv-2982 |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues OHIO PROPERTIES, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and generally requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, OHIO PROPERTIES, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which are the subjects of this action, to wit: the "Property" known as Main St. Shoppes, generally located at 893 E. Main Street and 200-210 S. Emerson Ave, both in Greenwood, IN 46143.[2] Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Defendant's Property, a shopping center with numerous shops and restaurants, is open to the public and provides goods and services to the public.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.
[2] Defendant owns both parcels which are adjacent to each other. The parcel ID number of each parcel is: 41-02-33-041-015.000-026 and 41-02-33-041-012.000-026. Both are owned by the Defendant.

10. Plaintiff MR. TOOLEY resides in close proximity to the Property, has visited the Property numerous times over the past year and has attempted to utilize the goods and services offered at the Property. MR. TOOLEY plans to return to the Property in the near future because it is conveniently located very close to his residence and because he enjoys the stores and restaurants located there.

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services thereat due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A. Plaintiff encountered that all six (6) of the disabled use parking spaces provided throughout the Property are inaccessible (near the entrance to the Main Street Grille, Apple Tree Staffing and Puerto Vallarta Restaurant) due to built-up curb ramps which protrude into the access aisles and parking spaces located there. More specifically, this condition causes slopes well in excess of 1:48 within the disabled use parking spaces and their access aisles. Moreover, the improper curb ramps also have a handrail which further obstructs the access aisle

of the parking spaces. These issues make the Property parking spaces difficult and dangerous for Mr. Tooley to safely use and increases his risk of a fall.

        B.     Plaintiff encountered that most of the inaccessible parking spaces designated for disabled use (same as noted above) are identified by signage which is mounted too low where they will be obstructed by parked vehicles. This makes it more difficult for Mr. Tooley to locate and obtain disabled use parking spaces during his visits.

        C.     Plaintiff encountered inaccessible curb ramps at the Property, the same three (3) curb ramps as discussed above, because they improperly protrude into the access aisle of the disabled use parking spaces.

        D.     Plaintiff encountered a lack of accessible routes throughout the Property due to Defendant's failure to connect its three (3) buildings with accessible curb ramps. Specifically, the striped pedestrian route from Puerto Vallarta to Apple Tree Staffing and the striped pedestrian route from Main Street Grille to the neighboring building with Apple Tree Staffing.

14. Plaintiff has visited the entire public premises described above and encountered numerous barriers throughout.

15. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: December 7, 2021

Respectfully Submitted,

By: *Louis I. Mussman* .
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com